## JAMES KEENE *versus* SEWARD LORD.

An execution was satisfied, in part, by a levy upon a parcel of land, and the residue, by a sale of an equity of redemption of another parcel, the creditor becoming the purchaser. The debtor afterwards, by purchase, obtained a re-conveyance of the equity from the creditor, who discharged the debtor, expressly reserving his rights under the levy. Subsequently, the creditor discovered that at the time of the levy, the land was subject to a mortgage, which still existed; whereupon he claimed to rescind the bargain. In an action of debt brought some years after, to recover the amount for which the execution was satisfied, by the levy, *it was held*, that the re-conveyance of the equity, and the discharge, should be regarded as a full and final settlement of the whole matter.

REPORT by TENNEY, C. J.

DEBT, upon a judgment recovered in 1841. The execution was satisfied, in part, by a levy upon real estate, and the residue by the seizure and sale of an equity of redemption. At the sale, John S. Abbott, who had become the creditor in interest, purchased the equity of redemption. The debtor neglecting to redeem of Abbott within the year, his right of redemption became barred. On payment, soon after, of the sum for which the right of redemption was sold, with interest thereon, and a few dollars in addition, Abbott released to him the right he had acquired. He also gave the debtor a writing (under seal,) to the effect, that in consideration of the said levy, and of the sale of said right of redemption, which right the debtor had purchased of him and paid therefor, he engaged and bound himself that he would not demand of the said Lord, or require him to pay any thing more on said execution; but the obligation was in no way to affect the levy, which was to be relied upon.

The land levied upon was incumbered by mortgage made by the debtor's grantor; and the mortgage deed had been registered before the conveyance to the debtor. This was not known to the creditor, until after the obligation before named, had been given by him. The mortgager had instituted proceedings to foreclose the mortgage, a few months prior to

the date of the aforenamed obligation; and the right of redemption afterwards became barred.

When the creditor ascertained the existence of the mortgage, he offered to refund to the debtor the amount paid for the equity of redemption of the other lot, and requested that his obligation should be surrendered to him; but the debtor refused to give it up.

On Nov. 7, 1849, the creditor finding property of the said Lord that could be attached, commenced this action, claiming to recover the amount for which said execution was satisfied by the levy, the mortgage upon the estate being unknown to the creditor, or his agent, at the time of levy.

The action was referred by rule of court, to John H. Webster, who reported the evidence produced at the hearing before him, and made an alternative award, referring to the Court certain questions as to the legal rights of the parties, upon a statement of the facts as shown by the evidence.

It was contended, on the part of the plaintiff, that the writing relied upon as a discharge of the defendant, was given under a misapprehension, created by the conduct and misrepresentations of the defendant; his claim, therefore, ought not to be prejudiced thereby.

The case was argued by *J. S. Abbott*, for plaintiff, and by *Hutchinson*, for the defendant.

The opinion of the Court was drawn up by

HATHAWAY, J. — From all the facts found and presented in the report of the referee, the conclusion of the Court is that *John S. Abbott's re-conveyance* to the defendant of the equity of redemption, October 10, 1842, and his *discharge* of the defendant, of the same date, from any further liability upon the judgment, "in consideration for which discharge, said Lord paid said Abbott the money and interest which Abbott paid for said equity, and a very few, say five dollars more," *are* competent evidence of a full and final *settlement* of the whole matter, which cannot be safely disturbed after so long

a time, and that judgment must be rendered for the defendant for his costs, according to the alternative report of the referee.

Tenney, C. J., Appleton, May, and Goodenow, J. J., concurred.